FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANCHERS-CATTLEMEN ACTION LEGAL FUND; UNITED STOCKGROWERS OF AMERICA; and CATTLE PRODUCERS OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; and SONNY PERDUE in his official capacity as Secretary of Agriculture,<br><br>Defendants. | NO: 2:17-CV-223-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment, ECF Nos. 14 and 23. Plaintiffs Ranchers-Cattlemen Action Legal Fund, United Stockgrowers of America, and Cattle Producers of Washington (collectively, "Plaintiffs") challenge as unlawful the effects of a Final Rule promulgated in 2016 by Defendants Sonny Perdue and United States Department of Agriculture ("USDA," ,collectively "Defendants"). ECF No. 1 at 33-34. Plaintiffs ask this

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

Court to declare unlawful and vacate USDA regulations related to the country of origin labeling ("COOL") requirements of beef. *Id.* Plaintiffs also seek to enjoin Defendants from continuing to implement USDA regulations regarding the marking or labeling of imported beef or pork to the extent that those regulations fail to require that imported beef and pork comply with existing statutes. *Id.* The Court has heard the parties' arguments, has reviewed the pleadings, and is fully informed.

**BACKGROUND**

At issue in this case are two USDA regulations governing the country of origin labeling requirements for foreign and domestic beef and pork. Country of origin labeling requirements require retailers to notify their customers about the country of origin of certain products.

Plaintiffs are nonprofit membership organizations with the goals of ensuring the continued profitability and viability of independent cattle producers and advancing the interests of domestic farmers. ECF No. 1 at 12-18. Plaintiffs allege that two USDA regulations have caused harm to Plaintiffs. *Id.* at 8. Plaintiffs further allege that these two USDA regulations are unlawful and should be vacated. *Id.* at 33-34.

*USDA Regulations Challenged by Plaintiffs*

The first USDA regulation Plaintiffs challenge is 9 C.F.R. § 327.18(a) ("1989 Foreign Products Rule"). *See* ECF No. 1 at 2; ECF No. 14 at 35-36. The second challenged USDA regulation is the *Removal of Mandatory Country of*

*Origin Labeling Requirements*, 81 Fed. Reg. 10,755 (Mar. 2, 2016) ("2016 COOL Requirement Removal Rule").

The Consumer and Marketing Service, an agency within the USDA's Agricultural Research Service (now the Food Safety and Inspection Service, or "FSIS"), issued the 1989 Foreign Products Rule, 9 C.F.R. § 327.18(a), to comply with amendments to the Federal Meat Inspection Act, 21 U.S.C. § 601 et seq. *See* 35 Fed. Reg. 15,552, 15,552-15,610 (Oct. 3, 1970). FSIS amended the rule in 1976 and 1989. *See* 9 C.F.R. § 327.18. The 1989 Foreign Products Rule provides that "[a]ll products, after entry into the United States, shall be deemed and treated as domestic products and shall be subject to the applicable provisions of the [Federal Meat Inspection Act] and the regulations in this subchapter and the applicable requirements under the Federal Food, Drug and Cosmetic Act. . . ."[1] § 327.18(a).

The Agricultural Marketing Service, another USDA agency, implemented the 2016 COOL Requirement Removal Rule to conform with amendments to the Agricultural Marketing Act of 1946, 7 U.S.C. § 1621 et seq., contained in the 2016 Consolidated Appropriations Act, Pub. L. No. 114-113, § 759, 129 Stat. 2242 (2016). *See* 81 Fed. Reg. 10,755 (Mar. 2, 2016). The 2016 COOL Requirement Removal Rule removed all country of origin labeling requirement references to

---

[1] 21 U.S.C. § 301 et seq.

beef, ground beef, pork, and ground pork in 7 C.F.R. § 65, the Agricultural Marketing Service's regulation governing country of origin labeling requirements for specific products.[2] *See id.*

***Relevant Statutory and Regulatory Framework for Country of Origin Labeling Requirements***

Several federal statutes provide a framework for country of origin labeling requirements and regulations. USDA regulations implement the country of origin labeling requirements enacted by Congress.

The Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 et seq., was enacted by Congress in 1906. The relevant provision concerns the meat or meat food products of cattle and other animals. 21 U.S.C. § 620(a). The statute requires that "[a]ll such imported articles shall, upon entry into the United States, be deemed and treated as domestic articles subject to the other provisions of this chapter and the Food, Drug, and Cosmetic Act: *Provided*, That they shall be marked and labeled as required by such regulations for imported articles . . . ." *Id.* (internal citation omitted). The USDA issued the original version of the 1989

---

[2] The other products regulated by 7 C.F.R. § 65 include lamb, chicken, goat meat, perishable agricultural commodities, macadamia nuts, pecans, peanuts, and ginseng.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

Foreign Products Rule to implement § 620 of the FMIA when Congress amended § 620 in 1967.

The Tariff Act of 1930, 19 U.S.C. § 1202 et seq., concerns the marking of imported articles and containers. 19 U.S.C. § 1304(a). It states that, "[e]xcept as hereinafter provided, every article of foreign origin . . . imported into the United States shall be marked . . . in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article." *Id.*

The Agricultural Marketing Act ("AMA"), 7 U.S.C. § 1621 et seq., enacted in 1946, authorizes the Secretary of Agriculture to carry out a number of functions related to the marketing and distribution of agricultural products. *See, e.g.*, 7 U.S.C. §§ 1621, 1622. In 2002, Congress enacted legislation amending the AMA to require retailers to notify their customers of the country of origin of covered commodities, including beef, ground beef, pork, and ground pork. *See Farm Security and Rural Investment Act of 2002*, Pub. L. No. 107-171, § 282, 116 Stat. 134 (2002). The 2002 legislation also directed the Secretary of Agriculture to promulgate implementing country of origin labeling regulations. *Id.*

To comply with the 2002 legislation, the Agricultural Marketing Service issued a Final Rule implementing the AMA's mandatory country of origin labeling requirements on January 15, 2009. *See Mandatory Country of Origin Labeling of Beef, Pork, Lamb, Chicken, Goat Meat, Wild and Farm-Raised Fish and Shellfish, Perishable Agricultural Commodities, Peanuts, Pecans, Ginseng, and Macadamia*

*Nuts*, 74 Fed. Reg. 2,657 (Jan. 15, 2009). The 2009 Final Rule required country of origin labeling on specific meat products.

While the 2002 legislation and subsequent 2009 Final Rule had positive effects for domestic providers of beef like Plaintiffs, *see* ECF Nos. 15-19, foreign suppliers of beef and pork responded by requesting formal consultations with the United States as part of a World Trade Organization ("WTO") dispute resolution process concerning the country of origin labeling provisions for beef and pork under the AMA. In 2012, the WTO Appellate Body found that the country of origin labeling requirements under the AMA discriminated against imported meat. *See* Appellate Body Report, *United States—Certain Country of Origin Labelling [sic] (COOL) Requirements*, WT/DS384/AB/R (June 29, 2012).

In response to the Appellate Body's findings, the Agricultural Marketing Service attempted to address the international concerns about the AMA, amending its prior regulations. *See Mandatory Country of Origin Labeling of Beef, Pork, Lamb, Chicken, Goat Meat, Wild and Farm-Raised Fish and Shellfish, Perishable Agricultural Commodities, Peanuts, Pecans, Ginseng, and Macadamia Nuts*, 78 FR 31,367 (May 4, 2013).

On May 29, 2015, the WTO Dispute Settlement Body adopted an Appellate Body report that upheld the Compliance Panel findings largely in favor of Canada

and Mexico.³ *See* Appellate Body Report, *United States—Certain Country of Origin Labelling [sic] (COOL) Requirements*, WT/DS384/AB/RW (May 18, 2015). Canada and Mexico subsequently requested and received authorization from the WTO Dispute Settlement Body to raise import duties on millions of dollars of imports from the United States.⁴

Following the WTO rulings, Congress amended the AMA to remove beef and pork from the list of covered commodities for which retailers are required to comply with mandatory country of origin labeling requirements. *See* 2016 Consolidated Appropriations Act, Pub. L. No. 114-113, 129 Stat. 2242 (2015); 7 U.S.C. §§ 1638, 1638a. On March 2, 2016, to comply with Congress's amendment of the AMA, the Agricultural Marketing Service issued the 2016 COOL Requirement Removal Rule at issue in this case. *See Removal of Mandatory Country of Origin Labeling Requirements for Beef and Pork Muscle Cuts, Ground Beef, and Ground Pork*, 81 Fed. Reg. 10,755 (Mar. 2, 2016). The 2016 COOL

---

³ Parties to a dispute must accept an Appellate Body report once it is adopted by the Dispute Settlement Body. *See Dispute Settlement: Appellate Body*, WORLD TRADE ORGANIZATION, https://www.wto.org/english/tratop_e/dispu_e/appellate_body_e.htm (last visited June 5, 2018).

⁴ A full account of the WTO proceedings is located at *DS384: United States—Certain Country of Origin Labelling [sic] (COOL) Requirements*, WORLD TRADE ORGANIZATION, https://www.wto.org/english/Tratop_e/dispu_e/cases_e/ds384_e.htm (last visited June 5, 2018).

Requirement Removal Rule amended the Agricultural Marketing Service's country of origin labeling regulations to remove beef, ground beef, pork, and ground pork from the list of covered commodities. *Id.*

*Subject Matter Jurisdiction*

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as a civil action arising under the laws of the United States because Plaintiffs allege that two federal regulations are not in accordance with federal statutory requirements, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 et seq. There is no requirement that Plaintiffs' complaint first be brought before the agency. ECF No. 1 at 11.

# DISCUSSION

*Plaintiffs' Standing to Bring Claims*

Defendants argue that Plaintiffs have failed to demonstrate that they or their members have suffered an injury resulting from the removal of beef and pork from mandatory COOL requirements, and that, consequently, Plaintiffs lack standing to pursue their claims. ECF No. 23 at 18-19. Plaintiffs contend that USDA's failure to mandate that imported beef and pork comply with the Tariff Act's labeling requirements has produced financial harm to Plaintiffs' members and caused Plaintiff organizations to divert resources to litigating these claims. ECF No. 14 at 25; ECF No. 26 at 16.

Standing is based on Article III requirements that must be satisfied before a plaintiff can proceed on a case. To establish standing, a plaintiff must demonstrate three elements:

> (1) the plaintiff has suffered an injury in fact, i.e., an invasion of a judicially cognizable interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of, i.e., the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the E. Lake Sammamish Trail v. City of Sammamish*, 361 F. Supp. 2d 1260 (W.D. Wash. 2005) (citing *Bennett v. Spear*, 520 U.S. 154, 167 (1997)). Whether Plaintiffs' alleged injury would likely be redressed by a favorable decision is not contested here.

Plaintiffs assert that USDA's regulatory actions have harmed Plaintiffs. *See* ECF No. 1; ECF No. 14 at 20-22; ECF Nos. 15-19. Plaintiffs argue that Defendants' failure to implement country of origin labeling requirements for foreign beef diminishes the income for Plaintiffs' members. ECF No. 14 at 21. Conversely, when Defendants enforced country of origin labeling for beef products, Plaintiffs argue that their members received significantly higher prices for the cattle they sold. *Id.* at 22.

Defendants argue that Plaintiffs have not provided any supporting facts for their assertions of financial harm. ECF No. 23 at 19. Contrary to Defendants'

argument, Plaintiffs have done more than assert "purely speculative and conclusory assertions of financial harm." *Id.* Plaintiffs provided declarations and affidavits demonstrating the harms they have suffered. *See* ECF Nos. 14-19. Accordingly, the Court finds that Plaintiffs have shown that they have suffered an injury in fact.

Defendants also argue that, even if the Court finds that Plaintiffs have suffered an injury in fact, Plaintiffs' alleged injury is not fairly traceable to Defendants. ECF No. 23 at 19. Defendants argue that the cause of Plaintiffs' injury is Congress's decision to enact the 2016 Consolidated Appropriations Act, which mandated the removal of country of origin labeling requirements for beef and pork from the Agricultural Marketing Act and triggered the implementation of the 2016 COOL Requirement Removal Rule. *See id.*

Plaintiffs argue that the USDA's imposition of regulations allegedly in conflict with federal statutes has caused Plaintiffs financial harm. *See* ECF Nos. 14-19. Plaintiffs assert that if USDA issued the country of origin labeling regulations, Plaintiffs' members' "products would no longer need to compete with the same volume of other products, increasing the demand for and therefore sales of their goods." ECF No. 26 at 22. Plaintiffs argue that "the Government has pointed to no law that either frees imported beef and pork from the requirements of the Tariff Act or prevents USDA from enforcing the Tariff Act under the FMIA." *Id.* at 23. The Court finds that Plaintiffs have demonstrated that their alleged injury is fairly traceable to Defendants' action.

Therefore, the Court finds that Plaintiffs have standing to pursue their claims in this matter.

***Legal Standard for Summary Judgment***

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-33 (1986); *see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "A key purpose of summary judgment 'is to isolate and dispose of factually unsupported claims.'" *Id.* (citing *Celotex*, 477 U.S at 324).

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *See id.* at 324. The nonmoving party "may not rest on mere allegations, but must by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted). The Court will not infer evidence that does not exist in the record. *See*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

*Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (court will not presume missing facts).

When parties file cross-motions for summary judgment, the Court considers each motion on its own merits. *See Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The filing of cross-motions for summary judgment "does not vitiate the court's responsibility to determine whether disputed issues of material fact are present." *Id.*

The parties agree that there is no genuine issue of material fact. *See* ECF No. 9 at 2. Furthermore, because Plaintiffs' claim arises under the APA, resolution of their claim "does not require fact finding on behalf of [the] court." *Nw. Motorcycle Ass'n v. USDA*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).

***Defendants' Challenge Regarding the Statute of Limitations***

Defendants argue that Plaintiffs' challenge to the USDA regulations at issue is time-barred because of the six-year APA statute of limitations. ECF No. 23 at 9-10. Plaintiffs argue that because Defendants failed to raise this statute of limitations argument as a defense in their answer, Defendants have waived their statute of limitations claim. ECF No. 26 at 10. Plaintiffs also argue that they are challenging the most recent rule-making, which falls within the six-year statute of limitations. *Id.*

With certain exceptions, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

action first accrues." 28 U.S.C. § 2401(a). The Ninth Circuit has held that § 2401(a) applies to actions brought under the APA. *Wind River Mining Corp. v. United States*, 946 F.2d 710, 713 (9th Cir. 1991).

The Federal Rules of Civil Procedure require a defendant to plead affirmative defenses such as the statute of limitations in the defendant's answer. Fed. R. Civ. Proc. 12(b); 8(c). Failure to do so constitutes a waiver of that defense. *See James v. United States*, 215 F.R.D. 590, 595-96 (2002). However, "[i]n the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment." *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993).

Plaintiffs have not claimed prejudice from Defendants' alleged failure to include the statute of limitations argument as an affirmative defense in their Answer, nor is any prejudice suggested by the record. Furthermore, the Court notes that Plaintiffs' Complaint asserted several times that it concerned the 2016 COOL Requirement Removal Rule, and that Plaintiffs arguably did not provide Defendants notice of Plaintiffs' challenge to the 1989 Foreign Products Rule. *See* ECF No. 1 at 2, 10. Therefore, the Court finds that Defendants did not waive the affirmative defense of the statute of limitations barring Plaintiffs' claims.

In addition, to the extent that Plaintiffs are seeking to vacate the 1989 Foreign Products Rule, 9 C.F.R. § 327.18(a), the Court finds that Plaintiffs' challenge is time-barred because the six-year statute of limitations on the 1989 Foreign Products Rule regulation tolled in 1995. Plaintiffs filed their complaint on June 19, 2017, *see*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

ECF No. 1, twenty-two years after the statute of limitations for the 1989 Foreign Products Rule tolled.

Plaintiffs also have asserted that they are challenging the 2016 rule-making. ECF No. 1 at 2 ("This is a challenge to the [USDA's] March 2016 decision to revoke regulations requiring that beef and pork products be labeled with their country of origin."); ECF No. 26 at 10. In their Complaint, Plaintiffs stated that the Complaint concerned the 2016 COOL Requirement Removal Rule. ECF No. 1 at 10. However, in their Motion for Summary Judgment, Plaintiffs specifically move the Court to vacate the 1989 Foreign Products Rule, 9 C.F.R. § 327.18(a), and to enjoin Defendants from continuing to implement USDA regulations regarding the marking or labeling of imported beef or pork to the extent that those regulations fail to require that imported beef and pork comply with existing statutes, without specifying either the 1989 Foreign Products Rule or the 2016 COOL Requirement Removal Rule. ECF No. 14 at 35-36. To the extent that Plaintiffs are challenging the 2016 COOL Requirement Removal Rule, the Court finds that their claims are not time-barred by the APA statute of limitations.

Finally, Plaintiffs argue that the 2016 COOL Requirement Removal Rule "reinstated" the pre-2002 regulatory scheme such that Plaintiffs may challenge it anew. *See* ECF No. 1 at 3 ("The agency reinstituted its prior rules . . . ."); *id.* at 10 ("The 2016 final agency action reinstated that conflict between the statute and regulations."); ECF No. 26 at 25-26. In support of their argument, Plaintiffs cite

*California Sea Urchin Commission v. Bean*, a Ninth Circuit case that held that the plaintiffs' claims involving two related agency actions were not time-barred because they challenged the more recent final agency action. *See* 828 F.3d 1046, 1049 (9th Cir. 2016). In that case, "the issue did not become salient until [the agency] actually terminated the program" through the challenged final agency action. *Id.*

Here, the Court finds that the country of origin labeling requirement Plaintiffs seek to vacate became part of the regulatory scheme when FSIS issued the 1989 Foreign Products Rule. The APA statute of limitations rule provides that the complaint must be filed within six years "after the right of action first accrues." § 2401(a). Therefore, the right of action to challenge the 1989 Foreign Products Rule first accrued in 1989, when FSIS issued the amended regulation, and the right of action expired six years later in 1995.

Plaintiffs argue that the 2016 COOL Requirement Removal Rule revives the 1989 Foreign Products Rule regulatory scheme, and resets the statute of limitations toll-date. ECF No. 26 at 26-27. However, the 2016 COOL Requirement Removal Rule modifies 7 C.F.R. § 65, not the 1989 Foreign Products Rule, 9 C.F.R. § 327.18. *See Removal of Mandatory Country of Origin Labeling Requirements*, 81 Fed. Reg. 10,755 (Mar. 2, 2016); *see also* 7 C.F.R. § 65. In the cases cited by Plaintiffs in support of their argument, the allegedly time-barred regulations relate directly to timely challenged regulations. *See California Sea Urchin* Commission, 828 F.3d at 1048 (timely challenged regulation referred repeatedly to allegedly time-barred

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

regulation); *Alaska v. United States Dep't of Agric.*, 772 F.3d 899, 899-900 (D.C. Cir. 2014) (finding that a new right of action accrued when a previously repealed rule was reinstated). Here, the 1989 Foreign Products Rule was never repealed. It simply existed in tandem with the later regulations concerning country of origin labeling requirements.

Therefore, the Court finds that any challenges to the 1989 Foreign Products Rule are time-barred. On that basis, the Court finds in favor of the Defendants with regards to Plaintiffs' challenge of the 1989 Foreign Products Rule. However, in order to produce a complete record, the Court will analyze the application of the APA to both regulations.

***Standard of Review Under the Administrative Procedure Act***

Under the Administrative Procedure Act (APA), agency action must be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or if it is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *De La Fuente v. FDIC*, 332 F.3d 1208, 1220 (9th Cir. 2003) (citation omitted). In determining whether an agency decision is arbitrary and capricious, the United States Supreme Court ruled that

> [r]eview under the arbitrary and capricious standard is deferential; we will not vacate an agency's decision unless it has relied on factors which Congress had not intended it to consider, entirely failed to consider an

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

> important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. We will, however, uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007) (internal quotation marks and citations omitted).

"[I]n reviewing agency statutory interpretations, '[f]irst, always, is the question whether Congress has directly spoken to the precise question at issue. If [as here] the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *Pac. Mar. Ass'n v. Nat'l Labor Relations Bd.*, 827 F.3d 1203, 1209 (9th Cir. 2016) (second brackets in original) (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43(1984)). "When reviewing an agency's construction of a statute it is charged with administering, [the court] first look[s] to the statutory text to see whether Congress has spoken directly to the question at hand. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Resident Councils of Wash. v. Leavitt,* 500 F.3d 1025, 1030 (9th Cir. 2007).

The relevant provision of the FMIA states that meat or meat food products of cattle and other animals covered by the FMIA "shall, *upon entry into the United States, be deemed and treated as domestic articles subject to the other provisions*

*of this chapter and the Food, Drug, and Cosmetic Act*: *Provided*, That they shall be marked and labeled as required by such regulations for imported articles . . . ." 21 U.S.C. § 620(a) (internal citation omitted) (emphasis added). The 1989 Foreign Products Rule states that "[a]ll products, after *entry into the United States, shall be deemed and treated as domestic products and shall be subject to the applicable provisions of the [FMIA] and the regulations in this subchapter and the applicable requirements under the Federal Food, Drug and Cosmetic Act*. . . ." 9 C.F.R. § 327.18(a) (emphasis added).

The 2016 Consolidated Appropriations Act amended the AMA to remove from the list of covered commodities for which retailers are required to comply with mandatory COOL requirements all references and subsections related to beef and pork. *See* 2016 Consolidated Appropriations Act, Pub. L. No. 114-113, 129 Stat. 2242 (2015). The 2016 COOL Requirement Removal Rule removed all references to beef, ground beef, pork, and ground pork in 7 C.F.R. § 65, the Agricultural Marketing Service's regulation governing country of origin labeling requirements for specific products. *See* 81 Fed. Reg. 10,755 (Mar. 2, 2016).

Plaintiffs argue that Defendants' regulations are "not in accordance with law," 5 U.S.C. § 706(2)(A), because they do not appear to conform to the requirements of the Tariff Act of 1930. *See* 19 U.S.C. § 1304(a) ("Except as hereinafter provided, every article of foreign origin . . . imported into the United States shall be marked . . . in such manner as to indicate to an ultimate purchaser in

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

the United States the English name of the country of origin of the article."). However, with regard to both USDA regulations at issue, Congress spoke directly to the question of country of origin labeling requirements, and the Court must give effect to the unambiguously expressed intent of Congress. *See Leavitt,* 500 F.3d at 1030. The 1989 Foreign Products Rule directly imports the language of the FMIA. *See* 9 C.F.R. § 327.18(a); 21 U.S.C. § 620(a). Congress enacted the relevant provisions of the 2016 Consolidated Appropriations Act to comply with the WTO reports and decisions in 2012 and 2015. *See* H.R. Rep. No. 114-896 at 19 (Dec. 27, 2016). Pursuant to the 2016 Consolidated Appropriations Act and the amendment of the AMA removing references to beef and pork from the list of covered commodities requiring country of origin labels, the 2016 COOL Requirement Removal Rule amended 7 C.F.R. § 65 to remove all references to beef and pork from the list of covered commodities requiring country of origin labels.

Additionally, Plaintiffs do not allege that there were factors which Defendants considered which "Congress had not intended [them] to consider" or that an explanation for the regulations was offered that "runs counter to the evidence before the agency." *See Nat'l Ass'n of Home Builders*, 551 U.S. at 658. As a result, the Court's inquiry ends.

The Court finds that Defendants' implementation of both the 1989 Foreign Products Rule and the 2016 COOL Requirement Removal Rule directly reflects

statutory language enacted by Congress.  Furthermore, the Court finds that Plaintiffs have not succeeded in showing that Defendants' actions were arbitrary and capricious, or unsupported by substantial evidence.  *See* 5 U.S.C. § 706(2)(A) and (E).  Therefore, the Court will not set aside the USDA regulations.

The Court finds that summary judgment in favor of Defendants is proper both because Plaintiffs have failed to prosecute this action within the applicable statute of limitations time period and because the regulations follow Congress's clear intent.  Plaintiffs' claims are dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.
2. Defendant's Cross-Motion for Summary Judgment, **ECF No. 23**, is **GRANTED**.
3. Plaintiffs' claims are **DISMISSED** with prejudice.
4. Judgement shall be entered in favor of **Defendants**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close the case**.

**DATED** June 5, 2018.

                                   *s/ Rosanna Malouf Peterson*
                                 ROSANNA MALOUF PETERSON
                                     United States District Judge